**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>               **Plaintiff,**<br><br>     **v.**<br><br>**ERICK REYES,**<br>               **Defendant.** | **CASE NO.: 1:23-mj-289** |

### NOTICE OF DEFENDANT'S MOTION TO SUPPRESS EVIDENCE BASED ON UNCONSTITUTIONAL ARREST LACKING PROBABLE CAUSE

The Defendant, Lance Corporal Erick Reyes, by and through counsel, hereby moves this Honorable Court to suppress any and all evidence found as a result of the unconstitutional arrest of the Defendant that occurred on or about September 30, 2023 by Lance Corporal Russom (Russom), Lieutenant Horton (Horton), and Corporal Rivera (Rivera) of the United States Marine Corp. Quantico Base Military Police in violation of the Fourth Amendment to the Constitution of the United States. The arrest, for a DUI charge, was without probable cause, and as such the charge of Refusal is unsustainable. The grounds for granting this motion follow as part of the memorandum of law, attached and incorporated to this motion. It is requested that this matter be heard and set on the trial date in this case.

### MEMORANDUM OF LAW IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE BASED ON UNCONSTITUTIONAL ARREST LACKING PROBABLE CAUSE

Lance Corporal Erick Reyes, through the undersigned counsel, hereby presents the following memorandum of law in support of the motion to suppress in the above noted case. The defense moves this Honorable Court to suppress any and all evidence which resulted of the unconstitutional arrest of the defendant, due to a violation of the Fourth Amendment of the United

1

States Constitution. The arrest, for a DUI charge, was without probable cause. This memorandum of law is to aid this Court in making its determination.

## I.     FACTUAL BACKGROUND

Rossum of the United States Marine Corp Base Military Police was performing 100 percent ID Checkpoint at Building 3060 on base on September 30, 2023, around 2:42 A.M, along with Horton, and Rivera.[1] A blue vehicle approached the checkpoint and was stopped. The driver of the vehicle was identified as Lance Corporal Erick Reyes (Reyes). One of the three law enforcement officers observed slurred speech, glassy eyes, and the smell of an alcoholic beverage on his breath and stated he was on his way back from Taco Bell. Rossum initiated a traffic stop at that time. Horton made contact with Reyes and began conducting "pre-exit tests".

Horton initially demonstrated the Finger Dexterity test which is not a NHTSA approved standardized field sobriety test (FST). Reyes attempted the test, however, did not touch his thumb touch his fingertips and did not count out loud. Horton demonstrated the test again and Reyes stated that he was tired. Horton then conducted the alphabet test instructing that he begin from E and continue to P. Initially Reyes stated that he did not know the phonetic alphabet. When prompted to perform the English alphabet, without singing, he quietly stated the entire alphabet to himself. Horton ordered Reyes to say it out loud and Reyes stated "ok" and continued to look away. There is no notation of whether Reyes was able to say the alphabet correctly, only that he performed the test itself unsatisfactorily. There is a notation that Reyes did not conduct the counting test but no indication on whether he refused it, or was not asked or ordered to take it.

---

[1] All factual statements are taken from the Incident Report 23300600140 Revision 1, delivered as part of discovery.

Horton asked Reyes to step out of the vehicle to administer the Standardized Field Sobriety tests. Reyes stepped out of the vehicle and stumbled to the right and onto the curb. Horton made observations that Reyes was unsteady on his feet, his pants were soiled with what appeared to be vomit or saliva "or some sort of bodily fluids".

Horton conducted field sobriety testing, including a Horizontal Gaze Nystagmus test, and a walk and turn test. The results of these tests were described in the official report of incident, which was provided to the defense in discovery. The officer observed nystagmus in the defendant's eyes, though on the Alcohol Incident Report notes No for both eyes next to "eye does not pursue smoothly." On the walk and turn test, the defendant allegedly missed heel to toe four times and was unable to maintain balance in the starting position, but otherwise appears from the report to have completed the test as instructed. At some point Reyes stated that he had pain in his left leg due to preparing for a marathon fitness test. Horton chose not to conduct the One Legged Stand test. The portable breath test was offered and refused. There were no statements as to consumption of alcohol. Based on this information, the officer placed Reyes under arrest for driving under the influence of alcohol.

## II. ARGUMENT

The Fourth Amendment states, in pertinent part, that the "right of the people to be secure in their person, houses, papers, and effects, against unreasonable search and seizures, shall not be violated." *U.S. Const. Amend IV*. "[t]his inestimable right of personal security belongs to all citizens, whether they are in the comfort of their homes or in the streets of our cities." *Terry v. Ohio*, 392 U.S. 1, 8-9 (1968).

It is well-settled that a warrantless arrest is reasonable under the Fourth Amendment, subject to limited exceptions not relevant here, "only if based on probable cause." *Dunaway v.*

*New York*, 442 U.S. 200, 213 (1979), *quoted in Rogers v. Pendleton*, 249 F.3d 279, 290 (4th Cir. 2001). The evidence needed to establish probable cause is more than a mere suspicion, rumor, or strong reason to suspect, but less than evidence sufficient to convict. *United States v. Williams*, 10 F.3d 1070, 1074 (4th Cir. 1993). In applying this standard, it is also well-settled that "[w]hether probable cause exists in a particular situation . . . always turns on two factors in combination: the suspect's conduct as known to the [arresting] officer[s], and the contours of the offense thought to be committed by that conduct." *Pritchett v. Alford*, 973 F.2d 307, 314 (4th Cir. 1992). The test of constitutional validity is whether, at the moment of arrest, the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed. *See Brinegar v. United States*, 338 U.S. 160 (1949). All evidence which follows from an illegal arrest without probable cause must be excluded under the "fruit of the poisonous tree" doctrine. *See Wong Sun v. United States*, 37 U.S. 471, 484 (1963).

In order to sustain a conviction for Driving Under the Influence of Alcohol, under 18 U.S.C. §13, assimilating Va. Code §18.2-266, the government must show that the defendant (1) Operated a motor vehicle, and (2) that he was under the influence of alcohol at the time of operation.

The officer did not have probable cause to arrest Reyes based on the observations contained in the officer's report. The officer did not have probable cause from a blood alcohol reading by any reliable test on the scene which may have shown the presence of alcohol in sufficient quantity to potentially cause impairment. Instead, the officer needed to have probable cause to arrest based on sufficient justification to suspect the defendant of driving under the influence.

In *United States v. Foster*, the Western Division of Virginia district court found a defendant not guilty of violating 36 C.F.R. § 4.23(a)(1)[2] based on facts similar to those in this case. 829 F. Supp. 2d 354 (W.D. Va. 2011). While the defendant in *Foster* was speeding, admitted to drinking, had watery, bloodshot eyes, smelled of alcohol, and failed some of the field sobriety tests, the court in *Foster* found no evidence that defendant exhibited balance issues or impaired judgment. *Foster*, 829 F. Supp. 2d at 373. Moreover, the defendant in Foster was cooperative and provided a breathalyzer sample. *Foster*, 829 F. Supp. 2d at 358-59. The trial court, noting the high burden the government faces, concluded that it "simply cannot find that Foster's performance on the field sobriety tests indicates he was incapable of safe operation of his vehicle." *Foster*, 829 F. Supp. 2d at 374. Additionally, in this Circuit, an odor of alcohol and physical indicators of consumption without impairment have been held to be insufficient to establish intoxication. *See, e.g., United States v. Brown*, 401 F.3d 588 (4th Cir. 2005) (where our Fourth Circuit held that Virginia law requires evidence of physical impairment to establish probable cause for an arrest of drunk in public. Id. at 597-98.)

The law enforcement officer's did not have probable cause to arrest Reyes for driving under the influence. None of the officers determined that there was any issue with Reyes's driving behavior, he was stopped at a one-hundred percent ID check. There for Reyes's driving behavior is not indicative of intoxication.

The physical observations by the officer do not show impairment. While at least one of the officer's detected an order of alcohol, simply consuming alcohol is not illegal, and it does not appear if anyone asked Reyes if or when he had consumed alcohol. The visual indicators of

---

[2] 36 C.F.R.§4.23(a) is the analogous federal Driving Under the Influence Regulation.

consumption, like glassy eyes, do not correlate with any impairment of physical or mental ability. The officer had no knowledge of how the defendant sounds normally, and any conclusions about speech would be unreasonable without additional prior observations of the defendant.

The officer performed several field tests to make an arrest determination. On the HGN test, the officer claims to have observed a nystagmus. A nystagmus is a medical condition in which a diagnosis is required because it can be caused by a multitude of different conditions, natural or otherwise. *See generally, United States v. Horn*, 185 F.Supp.2d 530 (2002). An opinion concerning the causation of a particular physical human injury is a component of a diagnosis, which is part of the practice of medicine, and not a valid lay opinion. *See, e.g., John v. Im*, 263 Va. 315, 321 (2002). The officer does not purport to have a medical degree or advanced training in optometry or ophthalmology. The officer used no tools when observing what he thought was a nystagmus, other than potentially a stimulus and a flashlight. Absent such medical understanding, the conclusions reached by the officer were based on speculation and conjecture; any conclusions derived from this test are unreliable.

The defendant also performed the Nine-Step Walk and Turn and the One-Legged Stand tests. The one-legged stand (OLS) and the nine-step walk and turn (WAT) tests are promulgated by the National Highway Safety and Traffic Administrations ("NHTSA"). "The validity of SFST results is dependent upon practitioners following the established, standardized procedures for test administration and scoring." *See* National Highway Traffic Safety Administration, The Importance of Standardization, in Development of a Standardized Field Sobriety Test (2001).[3] "Variations from ideal conditions, and deviations from the standardized procedures, might affect the

---

3 http://www.nhtsa.dot.gov/people/injury/alcohol/SFST/introduction.htm#2%20The%20Importance

evidentiary weight that should be given to test results." *Id*. The WAT turn test has eight (8) indicators of impairment: 1) not maintaining the starting position; 2) pre-starting; 3) not walking heel-to-toe; 4) stepping off line; 5) stopping to maintain balance; 6) using arms for balance; 7) incorrect number of steps; and 8) stumbling on the turn. The OLS test was not conducted in this case.

The field testing, as described by the officer, had few clues of intoxication. On the WAT test, there was four steps that Reyes missed heel to toe (there is no indication by how much), and he was unable to maintain the starting position. No other issues were reported with the test. The report indicates that Horton stopped the testing due to "Reyes inability to follow instruction and maintain balance, along with the previous injuries.' However, presumably as Reyes only showed 2 indicators of impairment on the WAT he was able to follow the detailed instructions surrounding that test, and he was able to balance sufficiently to complete the test. Finally, the portable breath test was refused in this case and therefor there was no reading.

Reyes also performed two pre-exit tests, however, these are not NHTSA approved or promulgated, and there is not basis for relying on these tests.

This evidence, in its totality, is not sufficient to warrant a reasonable man in believing that an offense had been committed by the defendant. Good performance on field tests, unremarkable driving behavior, and physical indication of drinking without indication of impairment or indication of being over the legal limit is simply insufficient to warrant a reasonable belief that the defendant was under the influence of alcohol while operating the motor vehicle.

WHEREFORE, with these premises considered and such other matters as may become evident at a hearing hereon, which hearing is hereby requested, the defense requests this Court to grant the relief sought and such other and further relief as in the cause is deemed just and proper.

                                        ERICK REYES
                                        By Counsel

**I ASK FOR THIS:**

/s/ Seth Q. Peritz
_____
Seth Quint Peritz, Esq., VSB #91240
Crowley Peritz Law
10560 Main Street, Unit 501
Fairfax, Virginia 22030
Office: (703) 337-3773
Fax:    (703) 935-0050
Email: Seth@CrowleyPeritzLaw.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on the 31st day of January 2024, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

United States Attorney's Office for the Eastern District of Virginia

_____/s/_____

/s/ Seth Q. Peritz
_____
Seth Quint Peritz, Esq., VSB #91240
*Counsel for Defendant*